# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO OCHOA MORANDO,<br><br>  Plaintiff,<br><br>   v.<br><br>SCOTT RAWERS,<br><br>  Defendants.<br>_____/ | CV F   05-779 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. 1.) |

   Jose Alfredo Ochoa Morando ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On July 27, 2005, this Court issued an Order requiring Plaintiff to submit the filing fee or, in the alternative, submit a completed Application to proceed in forma pauperis. Plaintiff was granted thirty days to comply. However, well over thirty days have passed and Plaintiff has not submitted the Application, paid the fee or made any other form of contact with the Court.

   Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

1

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424. The Court's order dated June 6, 2005, expressly forewarned Plaintiff of a dismissal in the event of his noncompliance. Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the court's order.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED and the action TERMINATED for Plaintiff's failure to comply with a Court order and prosecute the action.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted

1   to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2   U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3   District Court, Eastern District of California.  Within THIRTY (30) days after being served with
4   a copy of these Findings and Recommendations, any party may file written Objections with the
5   Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6   Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7   and filed within TEN (10) court days (plus three days if served by mail) after service of the
8   Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9   § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10  may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
11  (9th Cir. 1991).
12  IT IS SO ORDERED.
13  **Dated:    January 10, 2006**              /s/ Lawrence J. O'Neill
    b9ed48                                       UNITED STATES MAGISTRATE JUDGE